UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20889-CIV-SEITZ/O'SULLIVAN

MONICA NASCO,

       Plaintiff,

v.

THE HERTZ CORPORATION, a foreign
Corporation, and FRANK McELDERRY,
individually,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Plaintiff's Motion for Attorney's Fees Incorporating Memorandum of Law (DE # 11, 6/15/09). This cause was referred to the undersigned by the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Having carefully considered the applicable filings and the law, the undersigned respectfully recommends that the Plaintiff's Motion for Attorney's Fees Incorporating Memorandum of Law (DE# 11, 6/15/09) be GRANTED in part and DENIED in part in accordance with this Report and Recommendation and that the plaintiff be awarded $4,420.00 in fees.

## BACKGROUND

On January 12, 2009, the plaintiff initiated this action against the defendants. The defendant, Hertz, removed the action to this court on April 3, 2009, on the basis of diversity of citizenship jurisdiction under 28 U.S.C. §§ 1441(b) and 1332. At the time of removal, Frank McElderry, a resident of Florida and a co-defendant to Hertz, had not

yet been served. The plaintiff is a resident of Florida and Hertz is incorporated in Delaware and has its principle place of business in New Jersey. The defendant Frank McElderry was served on April 10, 2009. On April 13, 2009, counsel for the plaintiff, William Brady, Jr.[1], wrote to counsel for the defendants, providing the defendants with an Affidavit of Service on the defendant Frank McElderry. The April 13, 2009, letter indicated that Mr. Brady did not believe that there would be complete diversity allowing for removal, regardless of whether Mr. McElderry was served, as Mr. McElderry is a Florida resident. The April 13, 2009, letter further indicated that counsel would seek reasonable attorney's fees and costs for preparing the Motion for Remand if Hertz did not formally withdraw the Notice of Removal. (See, DE # 13-1, 7/1/09). On April 15, 2009, counsel for Hertz wrote back to plaintiff's counsel, indicating that Hertz disagreed with the position that the matter could not be removed to federal court. Counsel for Hertz cited to cases and further indicated that Hertz did not believe there was support for a Motion for Remand. (See DE # 14-1, p.3).

On April 15, 2009, Mr. Levy filed a Notice of Appearance in this case (DE # 2) on behalf of the plaintiff and filed a Motion to Remand (DE # 3) the case to state court. The Court granted the plaintiff's Motion to Remand on May 15, 2009 (DE # 8). A request for fees accompanied the Motion for Remand but did not provide the court with any authority supporting an award for attorney's fees. The request for attorney's fees was denied in the Order granting the Motion for Remand.

---

[1]The attorney seeking fees associated with the remand, Mr. Levy, was brought into the case to assist with the remand.

On June 15, 2009, the plaintiff filed the instant motion seeking attorney's fees supported by affidavits and legal arguments (DE # 11). Hertz filed a response on July 1, 2009, (DE # 12), and the plaintiff filed a reply on July 7, 2009 (DE # 13). The plaintiff seeks to recover 10.60 hours for Mr. Levy's work associated with the removal of this action and the Motion for Attorney's Fees plus 3.00 hours for the reply to the Motion for Attorney's Fees at a rate of $425.00 per hour for a total of $5,780.00 in fees.

## ANALYSIS

Hertz argues that the plaintiff is not entitled to recover fees in this matter because Hertz had an objective basis for removal and because the plaintiff failed to comply with Rule 7.1.

### I. Objective Basis for Removal

Hertz asserts that the plaintiff should not recover attorney's fees in this matter because Hertz had an objective basis for the removal of this action to federal court. Hertz argues that "[a]n award of attorney's fees under 28 U.S.C. § 1447(c) is discretionary, and only appropriate where the removing party lacked an objectively reasonable basis for seeing removal." (Response at p. 13). Hertz also argues that if there is some basis in the law, an attempt to remove is objectively reasonable. Hertz opines that it had a reasonable basis for removal because Mr. McElderry, the co-defendant who resides in Florida, had not yet been served.

Citing to <u>Martin v. Franklin Capital Corporation</u>, 546 U.S 132 (2005), Hertz argues that "[a]n award attorney's fees under 28 U.S.C. § 1447(c) is discretionary, and only appropriate where the removing party lacked an objectively reasonable basis for

3

seeking removal." (Response at p. 3). Hertz further argues under Kennedy v. Health Options, Inc., 329 F.Supp.2d 1319 (M.D. Fla. 2003), that "[a] defendant's decision to attempt removal is objectively reasonable where there is some basis in the law." (Response at p. 3). The defendant indicates that in the Kennedy case, there was no binding Eleventh Circuit law to the contrary, and the court declined to award fees where there was some basis in law for the removal.

The plaintiff asserts that a co-defendants non-diverse citizenship cannot be ignored simply because the non-diverse defendant has not been served. The undersigned finds that the removal of this action by Hertz was not objectively reasonable. The case law regarding removal when a non-diverse co-defendant is not served is well settled. See New York Life Insurance Company v. Deshotel, 142 F.3d 873 (5th Cir. 1998) (Co-defendant's non-diverse citizenship cannot be ignored simply because he was an unserved defendant). Also, "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939). Moreover, "[w]hen a defendant removes an action to federal court based on diversity of citizenship and the plaintiff and any defendant are citizens of the state in which the action has been filed, a district court is required to remand the action unless a party has been fraudulently joined." Dumas v. ACCC Insurance Co., 2009 WL 3358479 at *2, (11th Cir. 2009).

### II. Failure to Comply with Rule 7.1

In the response to the instant motion Hertz argues that counsel for the plaintiff did not comply with Local Rule 7.1 by failing to make a good faith effort to resolve this

4

matter before filing the Motion for Remand.  Counsel for Hertz indicates that had counsel for plaintiff made a good faith effort to confer, Hertz would have agreed to the remand and it would not have been necessary for the plaintiff to file the Motion for Remand.  Counsel for Hertz indicates that all plaintiff's counsel did was write a letter on April 13, 2009, advising that there was no diversity allowing Hertz to remove the matter.  The response filed by Hertz does not reference the April 15, 2009, letter written in response to the April 13, 2009, letter.  The April 15, 2009, letter from Hertz to counsel for the plaintiff indicates that Hertz disagreed with the position that the matter could not be removed to federal court.  Counsel for Hertz cited to cases and further indicated that Hertz did not believe there was support for a Motion for Remand.  The undersigned finds the failure by Hertz to mention the April 15, 2009, letter, in the response by Hertz to the plaintiff's fees motion is disingenuous.  The undersigned further finds that the plaintiff did make a good faith effort to resolve this matter prior to filing the Motion.

Accordingly, because the undersigned finds that the removal by Hertz was not objectively reasonable and that the plaintiff made a good faith effort to resolve this matter prior to filing the Motion, the undersigned finds that the plaintiff is entitled to recover fees in this matter.  The undersigned must now decide the reasonableness of the fees sought by the plaintiff. The threshold calculation for determining a reasonable attorney's fee is the total number of reasonable hours multiplied by a reasonable hourly rate. See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

### III.    Reasonable Hourly Rate

In determining reasonableness, the Court must first evaluate counsel's fee request in terms of the appropriate hourly rate. A reasonable hourly rate is measured by prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984). In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996).  The party who applies for attorneys' fees must submit satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate. Edmunds v. Levine, 2009 WL 1012193 at *3 (S.D. Fla. 2009) (citing Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996)). Moreover, the court may adjust the hourly rate or fees claimed by an attorney to an amount it deems proper. Edmunds, 2009 WL 1012193 at *5.

The plaintiff was represented by Jay M. Levy for the remand portion of this matter.  The plaintiff seeks to recover for the fees incurred by counsel at an hourly rate of $425.00 for Mr. Levy.  Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. See Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Here, the plaintiff's counsel provided an affidavit from an expert witness to substantiate the attorney's fees requested by her counsel, an

attorney practicing since 1975.  Having considered and weighed the evidence, counsel's reputation and experience in the areas of the applicable law and the Court's familiarity with litigation and attorney's fees in general, while the undersigned recognizes that Mr. Levy is a highly skilled attorney, the undersigned finds that an hourly rate of $325.00 for the plaintiff's counsel is a more reasonable rate.

### IV.   Hours Reasonably Expended

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by the plaintiff's counsel. To determine hours reasonably expended, a court may use its discretion to exclude "excessive or unnecessary work on given tasks." Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997).

The plaintiff's attorneys request reimbursement for 10.60 hours spent on the Motion to Remand and the Motion for Attorney's Fees and 3.00 hours on the reply to the fees motion.  The undersigned finds that 13.60 hours is a reasonable amount of time for counsel for the plaintiff to have spent on the remand in this case, and the Motion for Attorney's Fees. Accordingly, the plaintiff should be awarded 13.60 hours at $325.00 per hour associated with the remand for a total award of $4,420.00.

**RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Plaintiff's Motion for Attorney's Fees Incorporating Memorandum of Law (DE# 11, 6/15/09) be **GRANTED in part and DENIED in part** and that the plaintiff be awarded attorney's fees in the amount of **$4,420.00**.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 5th day of January, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
All counsel of record